IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| v. ) | Crim. Case No. 05-20018-01-CM |
| ) | Civil Case No. 14-2142-CM |
| CARLOS D. JACKSON, ) | |
| ) | |
| Defendant/Petitioner. ) | |

**MEMORANDUM AND ORDER**

This case is before the court on petitioner Carlos Jackson's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 138). Jackson pleaded guilty to crimes related to possession and distribution of crack cocaine[1] (Count 1) and possession of a firearm in furtherance of a drug trafficking crime (Count 11). On March 27, 2013, Jackson entered into a plea agreement pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C), (Doc. 127). The plea agreement stated that the parties did not request imposition of an advisory guideline sentence because the sentence was sought pursuant to Rule 11(c)(1)(C). It proposed a 180-month sentence; five years of supervised release; and a mandatory special assessment fee of $100 on each count. At sentencing, the court imposed the 180-month sentence, followed by five years of supervised release, plus the $200 special assessment fee. (Doc. 85.)

Petitioner now claims ineffective assistance of counsel. The government contends that petitioner's ineffective assistance of counsel claims are without merit. (Doc. 146). The government

---

[1] Petitioner pled guilty to possession and distribution of 280 grams of cocaine base ("crack") in his Rule 11(C)(1)(c) plea agreement.

-1-

also asks the court to enforce petitioner's waiver of his right to bring a § 2255 motion, which is contained in petitioner's Rule 11(c)(1)(C) plea agreement. For the following reasons, the court denies petitioner's motion.

## ANALYSIS

### 1. Waiver

The court will hold a petitioner and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Generally, a knowing and voluntary waiver of § 2255 rights is enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The court applies a three-pronged analysis to evaluate the enforceability of such a waiver, in which the court must determine: (1) whether the scope of the waiver covers the disputed issue; (2) whether petitioner knowingly and voluntarily waived his rights; and (3) whether enforcement of the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

#### A. Scope of Waiver

In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The pertinent provision in petitioner's plea agreement provides:

> If the Court agrees to the proposed plea agreement, the [petitioner] knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction, and sentence (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release). The [petitioner] is aware that Title 18, U.S.C. § 3742 affords a [petitioner] the right to appeal the conviction and sentence imposed. By entering into this agreement, the [petitioner] knowingly waives any right to appeal if the Court imposes the sentence requested by the parties. The [petitioner] also waives

> any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b).  However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the [petitioner] is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).  Notwithstanding the forgoing waivers, the parties understand that the [petitioner] in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

(Doc. 127 at ¶ 12.)  The court construes the plea agreement "according to contract principles and what the [petitioner] reasonably understood when he entered his plea."  *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted).  The court strictly construes the waiver and resolves any ambiguities against the government.  *Hahn*, 359 F.3d at 1343.

Here, petitioner argues that he received ineffective assistance of counsel because (1) counsel was generally ineffective with respect to negotiations and waivers, and (2) counsel was ineffective for failing to raise a government plea-breach claim at sentencing.  The first claim is exempted by *Cockerham* because it directly attacks the plea's foundation.  The second claim, however, attacks the effectiveness of counsel at sentencing, which does not relate to the validity of the plea or the waiver.  If petitioner knowingly and voluntarily entered the plea, the second claim is waived.

### B. Knowing and Voluntary

During the plea hearing and in the plea agreement itself, petitioner acknowledged that he was entering into the plea agreement knowingly and voluntarily.  The court has reviewed the transcript of the plea hearing, and also independently remembers the hearing.  Based on the court's review and recollection, the court finds that the factual circumstances surrounding the plea in this case serve as compelling evidence that petitioner voluntarily and knowingly entered

his plea. *See Hahn*, 359 F.3d at 1325 (explaining that the court looks to an informed plea colloquy for evidence that petitioner knowingly and voluntarily entered into agreement). In open court, petitioner also signed his Petition to Enter Plea of Guilty and Order Entering Plea, in which paragraph 19 reads, "I believe that my lawyer has done all that anyone could do to counsel and assist me, AND I AM SATISFIED WITH THE ADVICE AND HELP HE HAS GIVEN ME." (Doc. 126 at 4.) (emphasis in original). Nothing in the record suggests that petitioner's plea or waiver was unknowing or involuntary.

### C.  Miscarriage of Justice

Enforcing a waiver results in a miscarriage of justice only if: (1) the court relied on an impermissible factor such as race; (2) petitioner received ineffective assistance of counsel in conjunction with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327. Petitioner bears the burden of showing that one of these factors is met. *Anderson*, 374 F.3d at 959 (citation omitted).

Petitioner claims the government breached the plea agreement when it did not recommend a sentence reduction for his acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. Petitioner cites paragraph 11 of the plea agreement, but it relates to the forfeiture of assets and relieves the government of its obligation to recommend that sentence reduction if petitioner failed to comply with the paragraph's terms. Nowhere in the documents cited by petitioner is there any mention of a promise by the government to recommend an acceptance of responsibility sentence reduction. Moreover, petitioner does not attempt to explain how failing to raise a "valid government plea-breach claim" at sentencing would result in a miscarriage of

justice in this case. (Doc. 139 at 12.) Based on the full record of the case and the court's recollection of petitioner's guilty plea and sentencing, the court finds that petitioner is bound by the plea agreement waiver. Petitioner's second claim is barred.

### 2. **Ineffective Assistance of Counsel**

Petitioner claims that his counsel did not properly negotiate the plea and that, therefore, his plea was not knowingly or voluntarily entered. The court applies the standard identified in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*). Under *Strickland*, a petitioner bears the burden of satisfying a two-pronged test in order to prevail. First, he must show that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. Second, a habeas petitioner must demonstrate prejudice, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. To show constitutionally deficient performance, a petitioner must show that his attorney "committed serious errors in light of prevailing professional norms such that his legal representation fell below an objective standard of reasonableness." *Castro v. Ward*, 138 F.3d 810, 829 (10th Cir. 1998) (internal quotations and citations omitted). Counsel's performance must have been completely unreasonable, not merely wrong. *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997).

Petitioner neither shows that his attorney's performance was deficient nor that such performance fell below an objective standard of reasonableness. What petitioner attempts to show is that his counsel, in an email exchange with the prosecutor, uses the word "cocaine", not the term "cocaine base," when discussing a potential plea agreement. (Doc. 149 at 11, ¶ 3.) Because his counsel used "cocaine" in an email but "cocaine base" was used in the plea agreement and colloquy, petitioner contends he did not knowingly and voluntarily enter a plea agreement on those terms. Even

read in a light most favorable to petitioner, the purported error by counsel could have been rectified or questioned by petitioner either (1) upon reading and signing the plea agreement and/or (2) at the plea hearing in open court.  Petitioner fails to show that his counsel's use of the word "cocaine" instead of the term "cocaine base"—in an email between counsel before the plea agreement was reached—falls below an objective standard of reasonableness.

For that same reason, there is no reasonable probability that, but for counsel's email, the proceeding would have been different.  This conclusion is further supported by the fact that, had petitioner instead proceeded to trial, which he claims he would have, the government would likely be able to establish that his actual possession was in *kilo*grams—well above the plea agreement's 280 grams.

The court finds that petitioner's allegations of ineffective assistance are insufficient to satisfy his burden of proof or present controverted issues of fact.  Conclusory allegations of ineffective performance are inadequate to support a claim that petitioner was denied adequate counsel.  *See Eskridge v. United States*, 443 F.2d 440, 443 (10th Cir. 1971).

### 3. Certificate of Appealability

The court will issue a certificate of appealability "only if applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Under this standard, a petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).  The court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings.  For the reasons stated above, the court finds that

petitioner has not made a substantial showing of the denial of a constitutional right.  The court declines to issue a certificate of appealability in accordance with Rule 11 as amended December 1, 2009.

### 4. Conclusion

The files and records conclusively show that petitioner is not entitled to relief.  Accordingly, no evidentiary hearing is required.  *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record).

**IT IS THEREFORE ORDERED** that petitioner's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 138) is denied.

**IT IS FURTHER ORDERED** that the court will not issue a certificate of appealability in this case.

Dated this 28th day of August, 2014 at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**