**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

    **Respondent-Plaintiff,**

    **v.**

**CARLOS JACKSON,**

    **Petitioner-Defendant.**

Case No. 05-20018-01

**MEMORANDUM & ORDER**

This matter comes before the court upon petitioner Carlos Jackson's Motion for Relief from Void Judgment (Doc. 192) and Notice of Plain Error Under Rule 52(b) (Doc. 204). The government filed a response to both motions (Doc. 207).

**I.     Case Background**

On March 27, 2013, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, petitioner pleaded guilty to Counts I (conspiracy to manufacture, possess with intent to distribute, and to distribute 280 grams of crack cocaine) and II (unlawful use of a firearm during and relating to a drug trafficking crime). On July 26, 2013, he was sentenced to 180 months imprisonment with five years supervised release. Petitioner's 28 U.S.C. § 2255 motion based on ineffective assistance of counsel was denied on August 28, 2014 (Doc. 150).

Petitioner's current motions are brought pursuant to Fed. R. Crim. P. 60(b) and 52(b). Petitioner's Rule 60(b) asks the court to find the court's August 28, 2014 Memorandum and Order denying petitioner's § 2255 motion void, because petitioner argues that the court failed to consider all the claims raised in that motion. Petitioner's 52(b) motion asks the court to find that it committed plain error when it (1) adopted the presentence investigation report's criminal history calculation and (2)

allowed prosecutorial overreach by allowing the government to allegedly double petitioner's drug quantity.

## II.   Legal Standard For Fed. R. Crim. P. 60(b) Motions

Rule 60(b) provides that the court may relieve a party from a final order for various reasons, including "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 756 (10th Cir. 1996)). A 60(b) motion is not an opportunity for a party to reargue the facts or the law or "to challenge the correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood their position." *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991). However, the court does have the equitable power to do justice in a case by correcting an error of law. *Id.* Motions under Rule 60(b) must be made "within a reasonable time" and for many reasons no more than a year after the order was entered. Fed. R. Civ. P. 60(c)(1).

The United States Supreme Court in *Gonzalez v. Crosby* decided when, in a habeas case, a Rule 60(b) motion should be considered a second or successive habeas corpus petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(b). 545 U.S. 524 (2005).

The Tenth Circuit applies the *Gonzalez* analysis to both § 2254 and § 2255 proceedings. *In re Lindsey*, 582 F.3d 1173, 1174 (10th Cir. 2009) (citing *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006)). Under *Gonzalez* as interpreted in this circuit,

> [A] 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction . . . . Conversely, it is a "true" 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application . . . or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.

*Spitznas v. Boone*, 464 F.3d 1213, 1215–16 (10th Cir. 2006). Examples of true 60(b) motions are, for example "motion[s] asserting that the federal district court incorrectly dismissed a petition for failure to exhaust, procedural bar, or because of the statute of limitations." *Id.* at 1216. Examples of motions that should be treated as second or successive habeas petitions are:

> motion[s] seeking to present a claim of constitutional error omitted from the movant's initial habeas petition . . . seeking leave to present newly discovered evidence in order to advance the merits of a claim previously denied . . . or a motion seek[ing] vindication of a habeas claim by challenging the habeas court's previous ruling on the merits of that claim.

*Id.* "A claim that the district court failed to consider a ground raised in the habeas petition represents a 'true' 60(b) claim." *United States v. Rogers*, 657 F. App'x 735, 738 (10th Cir. 2016).

### III. Discussion

#### a. Petitioner's 60(b) Motion

As a preliminary matter, petitioner's motions are not brought within a reasonable time. They are brought over two and a half years after the court's order denying petitioner's § 2255 petition and without any explanation for the delay. But the court will address petitioner's motion on the merits out of an abundance of caution. Construing petitioner's motion liberally, the court will treat it as a true Fed. R. Crim. P. 60(b) motion. Petitioner claims that the court failed to consider one of the grounds raised in his original § 2255 petition.

Fed. R. Crim. P. 60(b) allows the court to "relieve a party . . . from a final judgment, order, or proceeding" under a limited set of circumstances. Petitioner's claim is brought pursuant to Rule 60(b)(4), which provides for such relief when an underlying judgment is void. "A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *Rogers*, 657 F. App'x at 738.

Petitioner argues that his habeas judgment is void because the court failed to consider his claim that counsel rendered ineffective assistance by failing to conduct a sufficient investigation prior to

-3-

advising him to plead guilty. "But, under 60(b)(4), a litigant has received due process if fundamental procedural prerequisites—particularly, adequate notice and opportunity to be heard—were fully satisfied." *Id.* (quoting *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994)).

This court considered petitioner's habeas claims, discussed the claims, and addressed his arguments. Petitioner's habeas petition listed two issues: Issue One (a) ineffective assistance of counsel during plea negotiations; and Issue One (b) ineffective assistance of counsel for failing "to raise a valid government plea-breach claim at sentencing." (Doc. 139, at 12.) The court found that petitioner's first claim lacked merit and that his second was barred by the waiver of collateral review in his plea agreement. Petitioner appealed this court's denial of habeas relief and the Tenth Circuit did not issue a certificate of appealability. Petitioner's petition for writ of certiorari to the Supreme Court was denied. Petitioner's 60(b) motion is therefore denied. The court finds that petitioner's arguments lack merit and do not show the denial of a constitutional right, and will therefore not issue a certificate of appealability. The issues in this case are not debatable among jurists and they do not warrant further proceedings.

    **b. Petitioner's 52(b) Motion**

Petitioner also filed a motion pursuant to Fed. R. Crim. P. 52(b). Rule 52(b) provides that "A plain error that affects substantial rights may be considered even though it was not brought to the court's attention." The Tenth Circuit has previously noted that Rule 52(b) "was intended for use on direct appeal . . . [and] is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review." *United States v. Lehi*, 208 F. App'x 672, 674 (10th Cir. 2006) (quoting *United States v. Frady*, 456 U.S. 152, 164 (1982)) ("Rule 52(b) was intended to afford a means of prompt redress of miscarriages of justice. By its terms, recourse may be had to the Rule only on appeal from a trial infected with error so "plain" the trial judge and prosecutor were derelict in countenancing it, even

absent the defendant's timely assistance in detecting it."). But petitioner did not go to trial in this case and did not file a direct appeal. As the Tenth Circuit noted in *Lehi*, "[t]he temporal limits on bringing § 2255 motions cannot be circumvented by dressing up such a motion as a Rule 52(b) motion." *Id.* Petitioner's Motion (Doc. 204) is therefore also denied. Because this motion is also meritless, the court denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Relief from Void Judgment (Doc. 192) is denied and the court does not issue a certificate of appealability.

**IT IS FURTHER ORDERED** that petitioner's Notice of Plain Error Under Rule 52(b) (Doc. 204) is denied and the court does not issue a certificate of appealability.

Dated June 27, 2018, at Kansas City, Kansas.

        s/ Carlos Murguia
        **CARLOS MURGUIA**
        **United States District Judge**