IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

United States of America,

       Plaintiff,

v.                                                   Case No. 05-20018-01-CM

Carlos Jackson,

       Defendant.

### MEMORANDUM & ORDER

In March 2013, defendant Carlos Jackson entered a plea of guilty to conspiracy to manufacture, to possess with intent to distribute and to distribute 280 grams or more of cocaine base and to possession of a firearm in furtherance of a drug trafficking crime. The court accepted the parties' Rule 11(c)(1)(C) plea agreement and, in July 2013, the court sentenced Mr. Jackson to 120 months of imprisonment on the conspiracy count—the statutory mandatory minimum sentence—and a 60-month consecutive term on the firearm count, for a total term of 180 months. This matter is now before the court on Mr. Jackson's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 218). In his motion, which is based on *Hughes v. United States*, 138 S. Ct. 1765 (2018), Mr. Jackson contends that he is now eligible for a sentence reduction under Amendment 782, because the Supreme Court has found that a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is a guideline sentence for the purpose of 18 U.S.C. § 3582(c)(2). As will be explained, the motion is dismissed.

Federal courts, in general, lack jurisdiction to reduce a term of imprisonment once it has been imposed. *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011). "A district court does

not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). Under limited circumstances, modification of a sentence is possible under 18 U.S.C. § 3582(c). That provision states that "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may be eligible for a reduction, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Mr. Jackson's Presentence Investigation Report (PSR) calculated a base offense level of 30 under § 2D1.1 and a total offense level of 31 for the conspiracy conviction. When combined with Mr. Jackson's criminal-history category of III, the PSR calculated an advisory guideline range of 135 to 168 months for the conspiracy conviction. But the PSR also noted that Mr. Jackson's conspiracy conviction triggered a statutory mandatory minimum sentence of 10 years under 21 U.S.C. § 841(b)(1)(A). And, as noted earlier, the court sentenced Mr. Jackson to the 10-year mandatory minimum sentence on the conspiracy conviction.

Amendment 782 has lowered Mr. Jackson's base offense level under § 2D1.1 from 30 to 28—and thus has lowered his sentencing range to 108 months to 135 months for the conspiracy conviction. Nonetheless, although Amendment 782 has lowered the guidelines range for defendant's sentence, Mr. Jackson is not authorized for a reduction because the court cannot reduce his sentence below the mandatory minimum sentence of 120 months. *See* U.S.S.G. 5G1.1(c)(2); *United States v. Lubio*, 697 Fed. Appx. 591, 592 (10th Cir. 2017).[1] For that reason,

---

[1] Amendment 782 does not affect Mr. Jackson's mandatory 60-month consecutive sentence on the firearm conviction.

2

Amendment 782 does not provide any relief to Mr. Jackson and no reduction is authorized by the statute. *See* U.S.S.G. § 1B1.10 App. Note 1 ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) . . . [if] an amendment listed in subsection (d) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)).")

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Jackson's motion for sentence reduction (doc. 218) is dismissed.

**IT IS SO ORDERED.**

Dated this 9th day of April, 2019, at Kansas City, Kansas.

/s/ Carlos Murguia
Hon. Carlos Murguia
United States District Judge