# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

v.                                                        Case No. 05-20018-01-JWL

**Carlos Jackson,**

        **Defendant.**

## MEMORANDUM AND ORDER

In March 2013, Mr. Jackson pleaded guilty to one count of conspiracy to manufacture, to possess with the intent to distribute, and to distribute 280 grams or more of a mixture containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and one count of unlawful use of a firearm during a drug trafficking crime in violation of 21 U.S.C. § 924(c). Ultimately, Mr. Jackson was sentenced to consecutive terms of 120 months imprisonment for the conspiracy count and 60 months imprisonment for the firearm count—the statutory mandatory minimum sentences for both crimes.

Mr. Jackson now seeks relief under section 404 of the First Step Act of 2018, which authorizes a court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, *1165 2018). Section 2 of the Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." *Dorsey v. United States*, 567 U.S. 260, 269 (2012). Section 3

of the Fair Sentencing Act eliminated the 5-year mandatory minimum sentence for simple possession of crack cocaine. *See id*.

The motion is denied because Mr. Jackson is not entitled to a sentence reduction under the First Step Act of 2018. At the time of his sentencing in November 2013, the more lenient penalties of the Fair Sentencing Act of 2010 were applied to Mr. Jackson. Stated another way, Mr. Jackson already received the benefit of the Fair Sentencing Act when he received the 10-year mandatory minimum sentence on the conspiracy count. *See* 21 U.S.C. § 841(b)(1)(A). No additional relief, then, is available to Mr. Jackson under the First Step Act of 2018. *See* U.S.S.G. § 5G1.1(c)(2) ("[A] sentence may be imposed at any point within the applicable guideline range, provided that the sentence . . . is not less than any statutorily required minimum sentence."). In fact, as the Tenth Circuit noted when it affirmed the denial of Mr. Jackson's motion for a sentence reduction under Amendment 782, "federal courts are powerless to decrease [a] sentence below the statutory mandatory minimum." *United States v. Jackson*, 787 Fed. Appx. 543, 545 n.2 (10th Cir Dec. 10, 2019).

For the foregoing reasons, Mr. Jackson's motion to reduce his sentence must be denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to reduce sentence (doc. 230) is denied.

**IT IS SO ORDERED.**

Dated this 24th day of February, 2020, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge