IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Plaintiff,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　)　　　　Case No. 05-20018-01-JWL
　　　　　　　　　　　　　　　　　　)
CARLOS JACKSON,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Defendant.　　　　)
　　　　　　　　　　　　　　　　　　)
_____)

**MEMORANDUM AND ORDER**

In March 2013, defendant Carlos Jackson pleaded guilty to one count of conspiracy

to manufacture, to possess with the intent to distribute, and to distribute 280 grams or more

of a mixture containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A),

and 846, and one count of unlawful use of a firearm during a drug trafficking crime in

violation of 21 U.S.C. § 924(c).  Mr. Jackson was sentenced to consecutive terms of 120

months imprisonment for the conspiracy count and 60 months imprisonment for the firearm

count—the statutory mandatory minimum sentences for both crimes.  Mr. Jackson is

presently incarcerated at FCI Yazoo City Low and his anticipated release date is November

18, 2024.

This matter is presently before the court on defendant's motion for compassionate

release (doc. 246) and his related motion to appoint counsel (doc. 249).  For the reasons set

forth below, Mr. Jackson's motion for compassionate release is dismissed for lack of

jurisdiction; his reply brief (doc. 250) is deemed by the court as an amended motion for compassionate release and is retained under advisement; and the motion to appoint counsel is denied.

In his motion for compassionate release, Mr. Jackson seeks a transfer to home confinement on the grounds that he is African-American and has a history of smoking which, according to Mr. Jackson, renders him particularly susceptible to COVID-19 and places him at a higher risk of serious complications or death if he were to contract COVID-19.  To begin, Mr. Jackson seems to request home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). *See* Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020).  Under § 12003(b)(2) of the CARES Act,

> if the Attorney General finds that emergency conditions will materially affect the functioning of the [BOP], the Director of the [BOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020).  On April 3, 2020, the Attorney General declared that because of COVID-19, "emergency conditions are materially affecting the functioning" of the BOP so that the BOP Director now has authority to grant home confinement to a larger group of prisoners. *See* Memorandum from Attorney Gen. William Barr to Dir. of Bureau of Prisons, Apr. 3, 2020, https://www.justice.gov/file/1266661/download. While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the court lacks jurisdiction to order home detention under this provision. *See*

2

*United States v. Young*, 2020 WL 3832937, at \*2 (D. Kan. July 8, 2020); *United States v. Fritts*, 2020 WL 3475225, at \*1 (D. Kan. June 25, 2020) (collecting cases).  As a result, to the extent Mr. Jackson is seeking an order from this court placing him on home confinement pursuant to the CARES Act, the motion is dismissed for lack of jurisdiction.

A court may reduce a term of imprisonment for "extraordinary and compelling reasons" pursuant to 18 U.S.C. § 3582(c)(1)(A).  The moving defendant bears the burden of establishing that such a "compassionate release" is warranted under the statute.  *See, e.g.*, *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (defendant bears burden to show reduction is warranted under Section 3582(c)(2)); *United States v. Bright*, 2020 WL 473323, at \*1 (D. Kan. Jan. 29, 2020) ("extraordinary and compelling" standard imposes a heavy burden on a defendant seeking relief under Section 3582(c)(1)(A)).  As highlighted by the government in its response to the motion, Mr. Jackson's motion does not indicate that he satisfied the statute's exhaustion requirement.  *See* 18 U.S.C. § 3582(c)(1)(A) (defendant may bring a motion after he has exhausted administrative appeals of the BOP's failure to bring a motion on defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden, whichever is earlier).  In his reply brief, however, Mr. Jackson asserts under penalty of perjury that he submitted a written request for relief to the Warden of his facility on or about May 19, 2020 and again on June 8, 2020.  He asserts that the Warden has not responded to either request.

When Mr. Jackson filed his motion on June 11, 2020, the requisite 30-day window had not yet expired and, as such, the motion is procedurally defective and must be dismissed for lack of jurisdiction.  *See United States v. Israel*, 2020 WL 3893987, at \*6

(S.D. Fla. July 10, 2020) (collecting cases). By the time Mr. Jackson's reply brief was filed, however, the requisite 30 days had lapsed. In the interest of efficiency, then, the court characterizes Mr. Jackson's reply brief as an amended motion for compassionate release and it appears that he has satisfied the statute's exhaustion requirement. The court, then, will provide the government with an opportunity to respond to that amended motion no later than **Monday, July 27, 2020** to the extent it disputes that Mr. Jackson actually submitted a request to the Warden that raises that same basis for relief that he raises here. If the government disputes that Mr. Jackson has exhausted his administrative remedies, it will provide Mr. Jackson with an opportunity to file a reply brief. If the government does not dispute that Mr. Jackson has exhausted his remedies, the court will resolve the merits of the amended motion by considering the briefing that has already been submitted by the parties.

Lastly, the court denies Mr. Jackson's motion to appoint counsel. There is no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Moreover, Mr. Jackson's pro se motion for compassionate relief reflects that he is able to articulate his arguments clearly and coherently. Thus, the appointment of counsel at this point is unnecessary. Nonetheless, if Mr. Jackson files a motion for relief with respect to his conviction or sentence in the future and that motion reflects that he may be entitled to relief, the court will consider a request for the appointment of counsel.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for compassionate release (doc. #246) is hereby **dismissed for lack of jurisdiction;** defendant's reply brief (doc. 250) is hereby **deemed an amended motion for compassionate release and is retained under advisement;** and Mr. Jackson's motion to appoint counsel (doc. #249) is **denied**.

**IT IS FURTHER ORDERED BY THE COURT THAT** the government may respond to Mr. Jackson's amended motion for compassionate release no later than **Monday, July 27, 2020** to the extent it disputes that Mr. Jackson has exhausted his administrative remedies.

**IT IS SO ORDERED.**

Dated this 21st day of July, 2020, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge

5