IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-20018-01-JWL |
| ) | |
| CARLOS JACKSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## MEMORANDUM AND ORDER

In March 2013, defendant Carlos Jackson pleaded guilty to one count of conspiracy to manufacture, to possess with the intent to distribute, and to distribute 280 grams or more of a mixture containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and one count of unlawful use of a firearm during a drug trafficking crime in violation of 21 U.S.C. § 924(c). Mr. Jackson was sentenced to consecutive terms of 120 months imprisonment for the conspiracy count and 60 months imprisonment for the firearm count—the statutory mandatory minimum sentences for both crimes. Mr. Jackson is presently incarcerated at FCI Yazoo City Low and his anticipated release date is November 18, 2024. This matter is presently before the court on defendant's amended motion for compassionate release (doc. #250). For the reasons set forth below, the motion is denied.

A court may reduce a term of imprisonment for "extraordinary and compelling reasons" pursuant to 18 U.S.C. § 3582(c)(1)(A). The moving defendant bears the burden

of establishing that such a "compassionate release" is warranted under the statute. *See, e.g.*, *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (defendant bears burden to show reduction is warranted under Section 3582(c)(2)); *United States v. Bright*, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) ("extraordinary and compelling" standard imposes a heavy burden on a defendant seeking relief under Section 3582(c)(1)(A)). A court exercises its discretion in ruling on such a motion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (reviewing denial for abuse of discretion); *United States v. Saldana*, 2020 WL 1486892, at *2 n.4 (10th Cir. Mar. 26, 2020) (unpub. op.) (same) (citing *United States v. Piper*, 839 F.3d 1261, 1265 (10th Cir. 2016)).[1]

18 U.S.C. § 3582(c)(1)(A) provides that a court may reduce a sentence if it finds both (a) that extraordinary and compelling reasons warrant the reduction and (b) "that such a reduction is consistent with applicable policy statement issued by the Sentencing Commission." *See id.* In addition, 28 U.S.C. § 994(t) provides that "[t]he [Sentencing] Commission, in promulgating general policy statements regarding the sentencing

---

[1] The statute allows a defendant to bring a motion for reduction of a term of imprisonment after the defendant has fully exhausted all administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Mr. Jackson alleges in his amended motion that he has exhausted his administrative remedies by submitting two separate written requests for relief to the warden of his facility. He further alleges that the warden did not respond to those requests. In response, the government asserts that there is "no evidence" that Mr. Jackson submitted a request to the warden that identifies the same basis for relief that Mr. Jackson raises here. The only request highlighted by the government, however, appears to be dated June 19, 2020—a date that does not match the dates identified by Mr. Jackson on which he submitted his requests. Thus, in the absence of any evidence from the government controverting Mr. Jackson's verified assertions that he exhausted his administrative remedies, the court exercises jurisdiction over the motion and proceeds to the merits.

modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *See id.* The Sentencing Commission responded to that mandate by promulgating the policy statement found at U.S.S.G. § 1B1.13.

In Section 1B1.13, the Commission added the requirement that the defendant not be a danger to the safety of another person or the community. *See id.* In addition, in Application Note 1 to the statement, the Commission set forth four circumstances (in subdivisions (A) through (D)) under which "extraordinary and compelling reasons" may exist. *See id.* application note 1. Subdivisions (B) and (C) depend on the defendant's age and family circumstances, and they are not applicable here. *See id.* Subdivision (A) sets forth the following qualifying medical condition: the defendant is either (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition that substantially diminishes his or her ability to provide self-care within the prison environment from which he or she is not expected to recover. *See id.* Nothing in the record indicates that Mr. Jackson can satisfy subdivision (A) and, thus, Mr. Jackson has not shown that he is entitled to relief under this subdivision.

That leaves subdivision (D), known as the "catchall" provision, which in its present form provides as follows:

> **(D) Other Reasons.** – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

3

*See id.* Subdivision (D) thus provides that circumstances other than those listed in subdivisions (A) through (C) may be sufficient to warrant relief, as determined by the Bureau of Prisons (BOP). The BOP has made no such determination in this case. Nevertheless, as this court has previously determined, in accordance with the weight of authority, the court is not limited to circumstances (A) through (C), and it may exercise its own discretion to determine whether other extraordinary and compelling reasons warrant relief under the statute. *See United States v. Jackson*, 2020 WL 2812764, at *3 (D. Kan. May 29, 2020). As will be explained, the court concludes in its discretion that Mr. Jackson has not met his burden to show that extraordinary and compelling circumstances warrant his immediate release from prison because he has not shown that he suffers from medical conditions that place him at an elevated risk of harm from the virus.

Mr. Jackson asserts that his African-American race and his history of smoking render him particularly susceptible to COVID-19 and increase his risk of harm in the event that he contracts the virus.[2] The fact that Mr. Jackson is African-American does not constitute a risk factor for COVID-19 in the same way that an underlying medical condition does. *See United States v. Leigh-James*, 2020 WL 4003566, at *8 (D. Conn. July 15, 2020) (collecting cases and recognizing that higher death and hospitalization rates from COVID-

---

[2] Mr. Jackson also asserts in his motion that his specific correctional facility is a "hotspot" for COVID-19 infections, rendering his situation especially dire. But the coronavirus page of the BOP's website indicates that while FCI Yazoo City Low once was a "hotspot" for the virus (3 inmates died from the virus; 95 inmates and 9 staff members have recovered from the virus), the facility presently has 0 confirmed active cases among inmates and 4 confirmed active case among staff members. Mr. Jackson, then, has failed to meet his burden to show that the conditions at Yazoo City Low increase his risk of contracting COVID-19.

4

19 among African-Americans "most probably owes to long-standing systemic health and social inequities" rather than the fact of race itself).  The court, then, rejects the argument that Mr. Jackson's race, in and of itself, places Mr. Jackson at an increased risk of harm. *See id.*; *United States v. Billings*, 2020 WL 4705285, at *3 n.5 (D. Colo. Aug. 13, 2020) (it is "entirely speculative" whether race, in and of itself, increases risk of contracting virus or experiencing a more severe course of the virus; refusing to consider race a "compelling" reason); *United States v. Chambers*, 2020 WL 4260445, at *4 (E.D. La. July 24, 2020) (defendant's African-American race does not amount to an extraordinary or compelling reason for compassionate release); *United States v. Anello*, 2020 WL 3971399, at *5 (W.D. Wash. July 14, 2020) (fact that inmate is African American may not necessarily elevate his risk of suffering from complications from COVID-19; "the CDC suggests that the disproportionate rate of severe outcome is due to complex societal realities related to living and work conditions, unequal access to health care, and underlying health conditions"); *United States v. Green*, 2020 WL 3642860, at *4 (W.D. Pa. July 6, 2020) (denying motion for compassionate release for 39-year-old defendant, explaining that while data suggests that African-Americans have been disproportionally affected by COVID-19, it is unclear whether race is an independent risk factor or whether adverse outcomes are caused by other factors).

To the extent Mr. Jackson suggests that his history of smoking puts him at special risk, there is nothing in the record to suggest that his history of smoking has impacted his

health in a way that increases his risk with respect to COVID-19.[3] *See Leigh-James*, 2020 WL 4003566, at *8 (denying motion for compassionate release filed by African-American male with history of smoking in absence of particularized impact on health); *United States v. Marsh*, 2020 WL 3989580, at *2 (D. Vt. July 15, 2020) (denying motion for compassionate release despite history of smoking where there was no showing of related disease); *United States v. Stafford*, 2020 WL 3893401, at *2 (D. Md. July 10, 2020) (inmate's history of smoking did not sufficiently differentiate him from the thousands of similarly situated incarcerated individuals to constitute an extraordinary and compelling reason for judicial relief). Thus, while the CDC's most recent guidance states that smoking "might" contribute to heightened susceptibility to severe COVID-19 illness, *see* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited August 17, 2020), there is simply no basis on this record to conclude that defendant's risk is sufficient to constitute an extraordinary and compelling reason for release, particularly in the absence of other underlying medical conditions. *Compare United States v. Slate*, 2020 WL 4722382, at *2 (D. Hawaii Aug. 13, 2020) (inmate's history of smoking at most placed him at possible increased risk; denying motion for relief) *with United States v. Galaz*, 2020 WL 4569125, at 4 (S.D. Cal. Aug. 7, 2020) (granting motion for relief based in part on history of smoking combined with other conditions including tuberculosis).

---

[3] Mr. Jackson also asserts that he has "respiratory medical issues" and "takes daily medication for this chronic condition." Nothing in the record, however, indicates the nature of these respiratory medical issues or otherwise sheds any light on these bare assertions.

6

Mr. Jackson, then, has simply not shown that he bears an increased risk of serious medical harm, and the court is not prepared to order the release of any and all inmates, solely because of the pandemic, in the absence of such a particularized risk. Accordingly, the court in its discretion concludes that Mr. Jackson has not shown that extraordinary and compelling reasons warrant his release from prison. The court therefore denies the instant motion for relief under section 3582(c)(1)(A).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's amended motion for compassionate release (doc. #250) is hereby **denied.**

**IT IS SO ORDERED.**

Dated this 2nd day of September, 2020, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge