**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**United States of America,**

       **Plaintiff,**

**v.**                                                **Case No. 05-20018-01-JWL**

**Carlos Jackson,**

       **Defendant.**

### MEMORANDUM AND ORDER

In March 2013, Mr. Jackson pleaded guilty to one count of conspiracy to manufacture, to possess with intent to distribute, and to distribute 280 grams or more of a mixture containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and one count of unlawful use of a firearm during a drug trafficking crime in violation of 21 U.S.C. § 924(c). Ultimately, Mr. Jackson was sentenced to consecutive terms of 120 months imprisonment for the conspiracy count and 60 months imprisonment for the firearm count—the statutory mandatory minimum sentences for both crimes. He is presently scheduled for release in November 2024.

Mr. Jackson has filed a motion requesting a judicial recommendation concerning the length of residential re-entry center (RRC) placement (doc. 264). Specifically, Mr. Jackson asks the court to recommend to the Bureau of Prisons that he receive twelve months of RRC placement. As will be explained, the court denies the motion without prejudice to refiling at a later date.

By statute, the Bureau of Prisons (BOP) is directed to transfer prisoners to a residential reentry center (RRC) as they approach the end of their sentences to better prepare the inmates for reentry into the community. 18 U.S.C. § 3624(c); *Ciocchetti v. Wiley*, 358 Fed. Appx. 20, 22 (10th Cir. 2009). Before 2007, a prisoner's placement in community confinement (or pre-release residential reentry) could not exceed the last six months of his or her sentence. *Jones v. English*, 817 Fed. Appx. 580, 583 (10th Cir. June 9, 2020); *Garza v. Davis*, 596 F.3d 1198, 1202 (10th Cir. 2010). The Second Chance Act of 2007 increased the maximum time available for pre-release RRC placement from six months to twelve months. *See* 18 U.S.C § 3624(c)(1). In determining whether placement in a residential reentry center or other prerelease custody is appropriate, BOP conducts an individualized assessment based on the five factors set out in § 3621(b). *See Burgess v. Daniels*, 578 Fed. Appx. 747, 749 n.2 (10th Cir. Aug. 19, 2014). One of those factors is "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4); *Garza*, 596 F.3d at 1201. However, "[a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect" on the BOP. 18 U.S.C. § 3621(b).

In his motion, Mr. Jackson asks the court to make a nonbinding recommendation to the BOP for twelve months of RRC placement. However, the BOP is not obligated to review a request for prerelease community confinement until seventeen to nineteen months before an inmate's projected release date. *See Jones v. English*, 817 Fed. Appx. at 584. Because Mr. Jackson's projected release date is November 2024, the BOP is not yet required to consider any request concerning prerelease community confinement. This timeline ensures that the BOP

2

(and, by extension, the court) has a more complete record of the defendant's time in custody before making its recommendation. Mr. Jackson's motion, then, is premature and is denied without prejudice to refiling once his release date is within that window. *See United States v. Gandy*, 2020 WL 6335997, at *2 (E.D. Mich. Oct. 29, 2020) (denying without prejudice motion for judicial recommendation for RRC placement where inmate's release date was well outside the 19-month window); *United States v. Parks*, 2018 WL 3135940, at *1 (N.D. Ohio June 27, 2018) (denying motion as premature where inmate made her request too early in her sentence).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion requesting a judicial recommendation concerning the length of residential re-entry center (RRC) placement (doc. 264) is denied without prejudice.

**IT IS SO ORDERED.**

Dated this 31st day of August, 2021, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge