IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                                                                                       Case No. 05-20018-01-JWL

Carlos Jackson,

        Defendant.

## MEMORANDUM AND ORDER

In March 2013, Mr. Jackson pleaded guilty to one count of conspiracy to manufacture, to possess with intent to distribute, and to distribute 280 grams or more of a mixture containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and one count of unlawful use of a firearm during a drug trafficking crime in violation of 21 U.S.C. § 924(c). Ultimately, Mr. Jackson was sentenced to consecutive terms of 120 months imprisonment for the conspiracy count and 60 months imprisonment for the firearm count—the statutory mandatory minimum sentences for both crimes. He is presently scheduled for release in November 2024.

In August 2021, Mr. Jackson filed a motion requesting a nonbinding judicial recommendation concerning the length of residential re-entry center (RRC) placement. Specifically, Mr. Jackson asked the court to recommend to the Bureau of Prisons that he receive twelve months of RRC placement. The court denied the motion as premature because Mr. Jackson's release date was outside the window in which the BOP was obligated to review a request for pre-release community confinement. This matter is now before the court on Mr. Jackson's

renewed motion requesting a judicial recommendation concerning length of residential reentry center placement (doc. 266). The motion is denied.

By statute, the Bureau of Prisons (BOP) is directed to transfer prisoners to a residential reentry center (RRC) as they approach the end of their sentences to better prepare the inmates for reentry into the community. 18 U.S.C. § 3624(c); *Ciocchetti v. Wiley*, 358 Fed. Appx. 20, 22 (10th Cir. 2009). Before 2007, a prisoner's placement in community confinement (or pre-release residential reentry) could not exceed the last six months of his or her sentence. *Jones v. English*, 817 Fed. Appx. 580, 583 (10th Cir. June 9, 2020); *Garza v. Davis*, 596 F.3d 1198, 1202 (10th Cir. 2010). The Second Chance Act of 2007 increased the maximum time available for pre-release RRC placement from six months to twelve months. *See* 18 U.S.C § 3624(c)(1). In determining whether placement in a residential reentry center or other prerelease custody is appropriate, BOP conducts an individualized assessment based on the five factors set out in § 3621(b). *See Burgess v. Daniels*, 578 Fed. Appx. 747, 749 n.2 (10th Cir. Aug. 19, 2014). One of those factors is "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4); *Garza*, 596 F.3d at 1201. However, "[a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect" on the BOP. 18 U.S.C. § 3621(b).

In his motion, defendant asks the court to make a nonbinding recommendation to the BOP for twelve months of RRC placement. The court declines to do so. As the government highlights, most courts, in the absence of special circumstances, decline to independently recommend a 12-month RRC placement because the BOP is better suited to make those decisions based on

individual inmates' records and halfway house availability. *See Akina v. United States*, 2020 WL 6342776, at *2 (D.N.M. Oct. 29, 2020) (collecting cases). While the court does not oppose a 12-month RRC placement in this case, if the BOP deems appropriate, the court declines to make that recommendation. Significantly, the court lacks information about defendant's rehabilitative needs. Moreover, the BOP has implemented policies under which it will evaluate whether defendant is eligible for placement at an RRC. The court has minimal familiarity with these policies and the factors that the BOP takes into consideration when deciding whether and when an inmate will be placed in an RRC including, in all likelihood, the availability of a spot in the RRC and the impact of that decision on other inmates, staff and the institution. *See United States v. Fykes*, 2019 WL 158079, at *9 (D. Colo. Jan. 10, 2019). Thus, the court denies defendant's motion, but without intending for its decision to prejudice any similar request that defendant might submit to the BOP. *See United States v. Summerville*, 2018 WL 4620807, at *1-2 (D. Kan. Sept. 26, 2018).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion requesting a judicial recommendation concerning the length of residential re-entry center (RRC) placement (doc. 266) is denied.

**IT IS SO ORDERED.**

Dated this 8th day of June, 2023, at Kansas City, Kansas.

3

                                                          s/John W. Lungstrum  
                                           HON. JOHN W. LUNGSTRUM  
                                           United States District Judge