# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

United States of America,

        **Plaintiff,**

v.

                                         **Case No. 05-20018-01-JWL**
                                         **Civil Case. No. 24-2603-JWL**

Carlos Jackson,

        **Defendant.**

## MEMORANDUM AND ORDER

Carlos Jackson pleaded guilty to one count of conspiracy to manufacture, to possess with intent to distribute, and to distribute 280 grams or more of a mixture containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and one count of unlawful use of a firearm during a drug trafficking crime in violation of 21 U.S.C. § 924(c).  Ultimately, Mr. Jackson was sentenced to consecutive terms of 120 months imprisonment for the conspiracy count and 60 months imprisonment for the firearm count—the statutory mandatory minimum sentences for both crimes.  He is presently on supervised release.

Mr. Jackson did not file a direct appeal. *United States v. Jackson*, 743 Fed. Appx. 908 (10th Cir. 2018) (citing *United States v. Jackson*, 598 Fed. Appx. 570, 571 (10th Cir. 2015)). Instead, he filed a 28 U.S.C. § 2255 motion for post-conviction relief, alleging ineffective assistance of trial counsel during plea negotiations and at sentencing. *Id*. (citing *Jackson*, 598 Fed. Appx. at 571-72). The district judge assigned to this case at the time denied Mr. Jackson's § 2255 motion, concluding his first claim lacked merit and his second claim was barred by a waiver of collateral review set out in Mr. Jackson's plea agreement with the government. *Id*. (citing *Jackson*, 598 Fed.

Appx. at 572). The Tenth Circuit then denied Mr. Jackson's request for a COA and dismissed his

appeal. *Id*. (citing *Jackson*, 598 Fed. Appx. at 573).[1]

Mr. Jackson has now filed another motion to vacate his conviction pursuant to 28 U.S.C. §

2255 (doc. 270).  Because the motion to vacate constitutes a second or successive motion under §

2255,[2] Mr. Jackson must obtain authorization from the Tenth Circuit prior to filing it.  *See* 28

U.S.C. § 2255(h).  He has not shown that he obtained such authorization and, thus, this court lacks

jurisdiction to consider the motion.  *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013).

Thus, the court must either dismiss these claims for lack of jurisdiction or transfer the motion to

the Tenth Circuit for a determination whether to permit successive § 2255 proceedings.  *See*

*United States v. Harper*, 545 F.3d 1230, 1232 (10th Cir. 2008).

The court should transfer such a motion to the Circuit only when it concludes that a transfer

would be "in the interests of justice."  *In re Cline*, 531 F.3d 1249, 1251 (10th Cir.2008).  "Factors

considered in deciding whether a transfer is in the interest of justice include whether the claims

would be time barred if filed anew in the proper forum, whether the claims alleged are likely to

have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at

---

[1] Mr. Jackson argues that the waiver in his plea agreement does not preclude the claims he asserts here, but the government does not rely on the waiver in any event.

[2] Mr. Jackson suggests that his petition is not successive because his proposed claims did not exist at the time of his previous petition.  *See In re Weathersby*, 717 F.3d 1108, 1110-11 (10th Cir. 2013) (the term "second or successive" does not "simply refer to every § 2255 motion filed second in time to a previous § 2255 motion" and may not be successive when the basis of the proposed second claim did not exist when the proceedings for the first petition were ongoing).  But the exception to the bar on unauthorized successive § 2255 petitions applies "where the factual basis for a claim does not yet exist—not where it has simply not yet been discovered—at the time of a defendant's first motion." *See United States v. Williams*, 790 F.3d 1059, 1068 (10th Cir. 2015). Mr. Jackson does not identify any facts underlying his claims that did not exist when he filed his first § 2255 application.

the time of filing that the court lacked the requisite jurisdiction." *Id*. (emphasis added). "A transfer is not in the interest of justice when the claims raised in the successive petition clearly do not meet the requirements set forth in 28 U.S.C. § 2255(h)." *United States v. Lara–Jimenez*, 377 Fed. Appx. 820, 822 (10th Cir. 2010); *see United States v. Gwathney*, 365 Fed. Appx. 147, 150 (10th Cir. 2010) ("[N]o reasonable jurist could debate the correctness of the district court's conclusion that [the] motion does not satisfy the standards for authorization of a successive § 2255 motion and it would therefore not be in the interests of justice to transfer his motion to our court.").

Mr. Jackson urges the court to transfer the motion, asserting that his claims satisfy the requirements of § 2255(h).  Pursuant to § 2255(h), a successive petition must be certified as containing (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(1)-(2).  In his motion, Mr. Jackson asserts that he has newly discovered evidence within the scope of § 2255(h)(1) and that, for purposes of § 2255(h)(2), the Supreme Court's decision in *United States v. Davis*, 588 U.S. 445 (2019) invalidates his § 924(c) conviction.  As will be explained, the court declines to transfer Mr. Jackson's motion to the Circuit.  *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

The court begins with Mr. Jackson's argument that he is entitled to relief from his 18 U.S.C. § 924(c) conviction based on the Supreme Court's decision in *United States v. Davis*, 588 U.S. 445 (2019).  Section 924(c) criminalizes using, carrying, or possessing a firearm in furtherance of a "crime of violence or drug trafficking crime." *See* 18 U.S.C. § 924(c)(1)(A). In *Davis*, the

Supreme Court only invalidated the residual clause of the definition of "crime of violence" as unconstitutionally vague. *Davis*, 588 U.S. at 470. *Davis* did not consider or address the definition of drug trafficking crime in § 924(c)(2). *See Davis*, 588 U.S. at 448-50.  Here, Mr. Jackson was convicted of using a firearm in furtherance of a drug trafficking crime, and not in furtherance of a crime of violence. Thus, *Davis* does not apply.[3]  Mr. Jackson, then, may not rely on *Davis* to satisfy § 2255(h)(2) and his claim does not contain a previously unavailable new rule of constitutional law.  *See United States v. Murphy*, 887 F.3d 1064, 1069 (10th Cir. 2018) (where record demonstrated that sentencing court's ACCA determination did not rest on the residual clause, defendant's habeas claim did not rely on *Johnson* and therefore did not contain a previously unavailable new rule of constitutional law for purposes of § 2255(h)(2)).

Mr. Jackson also asserts that he satisfies the requirements of 28 U.S.C. § 2255(h) because he has "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1).  But Mr. Jackson cannot satisfy this requirement.  He contends that the prosecutor in his case, Assistant United States Attorney Terra Morehead, suppressed evidence in the form of co-defendant statements that she refused to provide to him and restricted his counsel from discussing with him.  But the record in this case (and the evidence submitted by Mr. Jackson) completely undermines this claim.  It

---

[3] Moreover, any claim under *Davis* is time barred.  Under 28 U.S.C. § 2255(f)(3), the right to argue for a sentence reduction under *Davis* expired one year after June 24, 2019, the date on which *Davis* was decided. To be timely, any motion raising a *Davis* claim had to be filed by June 24, 2020. Mr. Jackson's motion—filed more than four years after *Davis* was decided—is clearly time barred. *See Washington v. United States*, 2024 WL 940461, at *5 (E.D. Mo. Mar. 4, 2024).

shows that his counsel requested these statements—more specifically, transcripts of the testimony of his co-defendants at their respective plea and sentencing hearings—and that the government did not object to that request. The government, however, asked the court to order that no copies of those transcripts be given to anyone (including defendant) except Mr. Jackson's counsel. The court entered an order (doc. 107) granting Mr. Jackson's motion for the transcripts subject to a protective order precluding the distribution of copies of transcripts to anyone but Mr. Jackson's lawyer due to sensitive information contained therein. However, no limits were placed on counsel's ability to discuss the contents of those transcripts with Mr. Jackson.

But even aside from these facts, Mr. Jackson has not attempted to explain how these transcripts would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty. Without explanation or context, he simply asserts that these statements "could have contained exculpatory evidence." Thus, he cannot satisfy the standard of § 2255(h)(1) regardless of the merits of his claim. *In re Barrett*, 840 F.3d 1223, 1227 (10th Cir. 2016) ("In determining whether to authorize the filing of a second § 2255 motion, our concern is not with the merits of Defendant's claim of prosecutorial misconduct but solely with whether he has proffered "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the [challenged] offense[s]." 28 U.S.C. § 2255(h)(1))).[4]

---

[4] In any event, the evidence regarding his co-defendants' statements is not "newly discovered" and existed at the time he entered his plea. For this reason, too, Mr. Jackson cannot satisfy the standard for authorization. See *United States v. Jacoby*, 797 Fed. Appx. 412, 414 (10th Cir. 2020)

Mr. Jackson also makes generalized allegations about Ms. Morehead's unethical conduct in other criminal cases but, in the absence of any evidence tying specific conduct of Ms. Morehead to this case, these allegations are not pertinent. Mr. Jackson also asserts, in conclusory fashion, that Ms. Morehead "misrepresented" the facts in his case. This assertion fails to meet the standard for authorization in § 2255(h)(1) because Mr. Jackson has not offered any evidence of specific misconduct on the part of Ms. Morehead in this case, let alone evidence which would establish that no jury would have found him guilty of the offenses for which he was convicted. This is particularly true in light of the overwhelming evidence of guilt in this case.

For the foregoing reasons, Mr. Jackson has not shown that his claims satisfy the requirements of § 2255(h). He has not directed the court to a new rule of constitutional law that bears on his conviction or any newly discovered evidence sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found Mr. Jackson guilty. The court, then, dismisses the motion for lack of jurisdiction and declines to transfer this motion to the Circuit.

Finally, the court considers whether to issue a certificate of appealability. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). In addition, when the court's ruling is based on

---

(defendant failed to meet authorization standard where the evidence he relied upon evidence that existed at the time of his conviction).

procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Under this standard, the court declines to issue a certificate of appealability because it is not debatable that Mr. Jackson's motion to vacate does not satisfy the standards for authorization of a successive § 2255 motion and it would therefore not be in the interests of justice to transfer the motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to vacate his conviction (doc. 270) is dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED BY THE COURT THAT** a certificate of appealability is denied.

**IT IS SO ORDERED.**

Dated this 6th day of March, 2025, at Kansas City, Kansas.

s/John W. Lungstrum
John W. Lungstrum
United States District Judge

7