IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                                                          Case No. 05-20018-01-JWL

Carlos Jackson,

        Defendant.

## MEMORANDUM AND ORDER

In March 2013, Carlos Jackson pleaded guilty to one count of conspiracy to manufacture, to possess with the intent to distribute, and to distribute 280 grams or more of a mixture containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and one count of unlawful use of a firearm during a drug trafficking crime in violation of 21 U.S.C. § 924(c). Ultimately, Mr. Jackson was sentenced to consecutive terms of 120 months imprisonment for the conspiracy count and 60 months imprisonment for the firearm count—the statutory mandatory minimum sentences for both crimes.

He has now filed a pro se motion for early termination of supervised release (doc. 285).[1] Both the government and the probation office oppose the motion. As will be explained, the motion is denied without prejudice to filing another motion if additional circumstances warrant a re-examination of the issue.

---

[1] While Mr. Jackson resides in California and is supervised by the United States Probation Office in the Central District of California, the court did not transfer jurisdiction over Mr. Jackson's supervision. The motion, then, is properly before this court.

A district court has authority to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release," so long as it considers the factors in § 3553(a) and the release is in the "interest of justice." 18 U.S.C. § 3583(e)(1); *United States v. Begay*, 631 F.3d 1168, 1171–72 (10th Cir. 2011).  Mr. Jackson was released from custody in November 2024 and began serving his 5-year term of supervision.  In support of his motion, Mr. Jackson asserts that he is eligible for early termination and that early termination is warranted as he has had no violations during supervision, no negative contact with law enforcement, has remained sober, performs volunteer work in his community, and has maintained stable employment and family relationships.

The government opposes the motion based on the seriousness of Mr. Jackson's underlying offenses of conviction and the fact that he has served just over 20 percent of his term. The government also represents to the court that Mr. Jackson's probation officer in California opposes termination at this time.  It is significant to the court that the probation office opposes the termination of supervision because that office is the most familiar with Mr. Jackson's circumstances and conduct since his release and is in the best position to assess the need for continuing supervision. While the government has not explained to the court why probation is opposed to early termination, Mr. Jackson also has not filed a reply brief that might shed additional light on this issue.

Thus, the court believes that the appropriate resolution of Mr. Jackson's motion at this juncture is to deny the motion without prejudice to refiling.  The court encourages Mr. Jackson to communicate with his supervising probation officer so that Mr. Jackson understands what specific concerns that office has with respect to early termination.  Mr. Jackson may file another

motion in the future if additional circumstances warrant a re-examination of the issue. The court also cautions the government that if Mr. Jackson files another motion and the probation office continues to oppose early termination, the court will expect the government to provide specific reasons why probation opposes the request.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for early termination of supervised release (doc. 285) is denied.

**IS SO ORDERED.**

Dated this 27th day of January, 2026, at Kansas City, Kansas.

s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge